Aaron W. Baker, OSB No. 922220
aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
serena@awbakerlaw.com
BAKER LAW PC
1 SW Columbia, Suite 1850
Portland, OR 97204
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SANDRA HARRIS,** | Case No. 3:22-cv-01835 |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| | (ORS 659A.109; ORS 659A.112; ORS 659A.118; ORS 659A.171; ORS 659A.183; and Americans with Disabilities Act of 1990) |
| **BROWN & BROWN, INC.; and BROWN & BROWN OF OREGON, LLC dba BROWN & BROWN NORTHWEST,** | |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for herself to redress injuries done to her by Defendants Brown & Brown, Inc. and Brown & Brown of Oregon, LLC, their officers, employees,

agents, or subsidiaries (hereinafter collectively "Defendants") in contravention of her state and federally protected rights under Oregon Revised Statutes ORS 659A.109, ORS 659A.112, ORS 659A.118, ORS 659A.171, ORS 659A.183; and the Americans with Disabilities Act of 1990 (hereinafter "ADA").

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise out of a common nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to Plaintiff's claims arose in this judicial district. Likewise, Defendants do business in this judicial district in Multnomah County, Oregon.

## General Factual Allegations

4.

At all material times herein, Plaintiff was a resident of Canby, Oregon.

5.

Defendant Brown & Brown of Oregon, LLC is an Oregon limited liability company doing business in Oregon.

6.

Defendant Brown & Brown, Inc. is a foreign business corporation doing business in Portland, Oregon.

///

///

7.

Defendants employed Plaintiff in Portland, Oregon.

8.

At all material times, Defendants employed at least 25 employees.

9.

At all material times, Plaintiff was supervised by Defendants' employees and/or agents and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors, and management to act for Defendants.

10.

On or about June 12, 2017, Defendants hired Plaintiff as a Benefits Account Manager.

11.

Plaintiff performed her job duties as assigned and was good at her job. During her employment with Defendants, Plaintiff was not disciplined.

12.

In or about September of 2020, Plaintiff began experiencing migraine headaches that substantially limited one or more major life activity, including but not limited to concentration and thinking. Despite Plaintiff's disability and/or perceived disability she was able, with or without accommodation, to perform the essential functions of her position.

13.

Plaintiff disclosed her medical condition to Defendants.

14.

From on or about October 3, 2020 through December 27, 2020, Plaintiff utilized a continuous period of protected leave under Family Medical Leave Act

(hereinafter "FMLA") and/or Oregon Family Leave Act (hereinafter "OFLA") for her serious medical condition.

15.

Plaintiff returned to work on or about December 30, 2020, working reduced hours to accommodate her medical restrictions.

16.

After Plaintiff returned from leave, her supervisor, Lauri Wooley, began treating Plaintiff differently than she had prior to Plaintiff utilizing leave. For example, Ms. Wooley began requiring Plaintiff to include a new account manager on all of Plaintiff's accounts. Furthermore, Plaintiff's client-facing duties were taken away from Plaintiff upon her return. For instance, Plaintiff would save documents she prepared in a shared drive folder which would then be sent to carriers with the new account manager's name on them.

17.

On or about March 3, 2021, Defendants terminated Plaintiff's employment. The termination paperwork incorrectly stated that Ms. Wooley had asked Plaintiff whether there was an end date to Plaintiff's reduced hour accommodation and that Plaintiff responded that there was no end date. No such conversation took place. Indeed, Defendants did not request documents or specific dates regarding Plaintiff's return to full-time work.

18.

Following Plaintiff's termination, several former coworkers and longtime clients reached out to Plaintiff to inform her that Defendants informed them that Plaintiff had voluntarily resigned her position with Defendants. Defendants also communicated to their third-party COBRA plan administrator and to the Oregon

Employment Department that Plaintiff had voluntarily resigned, causing Plaintiff to initially be denied benefits.

19.

Plaintiff timely filed a complaint with Oregon's Bureau of Labor and Industries ("BOLI"), which was co-filed with the Equal Employment Opportunity Commission ("EEOC") against Defendants. On or about September 28, 2022, BOLI issued Notice of Substantial Evidence Determination and a Notice of Right to File a Civil Suit. Specifically, BOLI found substantial evidence of an unlawful practice based on disability in that Defendants discriminated against Plaintiff and terminated her employment in violation of ORS 659A.112.

## First Claim for Relief

### Disability/Perceived Disability Discrimination - ORS 659A.112

20.

Plaintiff realleges paragraphs 1 through 19 above as fully set forth herein.

21.

At all material times, Plaintiff had a disability and/or perceived disability as defined in ORS 659A.104. Despite Plaintiff's disability and/or perceived disability she was able, with or without accommodation, to perform the essential functions of her position.

22.

Defendants knew about Plaintiff's disability. Alternatively, Defendants perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability at all material times.

23.

Defendants took adverse employment actions against Plaintiff in violation of her state protected rights, including but not limited to subjecting Plaintiff to

differential treatment, subjecting her to heightened scrutiny, and terminating her employment. Defendants' actions were motivated by Plaintiff's disability/perceived disability and constitute unlawful disability discrimination in violation of ORS 659A.112.

24.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial from the time of her termination and continuing into the future.

25.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

26.

Defendants' conduct was wanton and willful, and Plaintiff should be awarded punitive damages in an amount to be determined at trial.

27.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

28.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law.

///

## Second Claim for Relief

## Disability/Perceived Disability Discrimination - 42 U.S.C. § 12112

29.

Plaintiff realleges paragraphs 1 through 28 above as fully set forth herein.

30.

At all material times, Plaintiff was a qualified person with a disability as defined by 42 U.S.C. § 12102.

31.

Defendants knew about Plaintiff's disability at all material times. Alternatively, Defendants perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

32.

Defendants took adverse employment actions against Plaintiff in violation of her federally protected rights, including but not limited to subjecting Plaintiff to differential treatment, subjecting her to heightened scrutiny, and terminating her employment. Defendants' actions were motivated by Plaintiff's disability/perceived disability and constitute unlawful disability discrimination in violation of 42 U.S.C. § 12112.

33.

As a result of Defendants' violation of the ADA, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

///

34.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional distress, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

35.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

36.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 12205.

37.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

### Third Claim for Relief

### Disability/Perceived Disability Retaliation - ORS 659A.109

38.

Plaintiff realleges paragraphs 1 through 37 above as fully set forth herein.

39.

Plaintiff engaged in protected activity under 659A.109, including but not limited to requesting reasonable accommodations for her medical condition.

40.

Defendants retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's protected activities.

///

41.

Plaintiff realleges her damages and request for costs and attorney fees as stated in paragraphs 24 through 28.

## Fourth Claim for Relief

## Retaliation - 42 U.S.C. § 12112

42.

Plaintiff realleges paragraphs 1 through 41 above as fully set forth herein.

43.

Defendants retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 12112 and/or her engagement in protected activities, including but not limited to requesting reasonable accommodations.

44.

Plaintiff realleges her damages and request for costs and attorney fees as stated in paragraphs 33 through 37.

## Fifth Claim for Relief

## Failure to Engage in the Interactive Process and/or Accommodate Plaintiff's Disability – ORS 659A.112, ORS 659A.118

45.

Plaintiff realleges paragraphs 1 through 44 above as fully set forth herein.

46.

At all material times, Plaintiff had a disability as defined in ORS 659A.104. Despite Plaintiff's disability she was able, with or without accommodation, to perform the essential functions of her position.

///

47.

Defendants knew about Plaintiff's disability.

48.

Defendants discriminated against Plaintiff in violation of her state protected rights under ORS 659A.112 and ORS 659A.118 by failing to engage in the interactive process and/or by failing to make reasonable accommodations for Plaintiff's disability.

49.

Plaintiff realleges her damages as stated in Paragraphs 24 through 28 above.

## Sixth Claim for Relief

**Failure to Engage in the Interactive Process and/or Accommodate Plaintiff's Disability - 42 U.S.C. § 12112**

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

At all material times, Plaintiff was a qualified person with a disability as defined by 42 U.S.C. § 12102.

52.

Defendants knew about Plaintiff's disability at all material times.

53.

Defendants discriminated against Plaintiff in violation of her federally protected rights under 42 U.S.C. § 12112 by failing to engage in the interactive process and/or by failing for make reasonable accommodations for Plaintiff's disability.

54.

Plaintiff realleges her damages as stated in Paragraphs 33 through 37 above.

<u>**Seventh Claim for Relief**</u>

**OFLA Interference, Discrimination, and/or Retaliation –**

**ORS 659A.171, ORS 659A.183**

55.

Plaintiff realleges paragraphs 1 through 54 above as fully set forth herein.

56.

At all material times, Plaintiff worked on average at least 25 hours per week.

57.

Plaintiff invoked her need for and/or utilized leave that was protected under Oregon law.

58.

As set forth above, Defendants denied, interfered with, discriminated, and/or retaliated against Plaintiff for invoking her need for and/or utilizing or attempting to utilize leave protected under OFLA by taking adverse employment actions against Plaintiff, including but not limited to subjecting Plaintiff to heightened scrutiny, subjecting her to differential treatment, and terminating her employment.

59.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities. Plaintiff will continue to have lost income and benefits into the future.

///

///

60.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

61.

Defendants' conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

62.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice that constitutes unlawful discrimination and/or retaliation under Oregon law.

## Eighth Claim for Relief

### Wrongful Discharge

63.

Plaintiff re-alleges paragraphs 1 through 62 above as fully set forth herein.

64.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected OFLA leave. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS 659A.183; ORS 653.641; OAR 839-099-0200, *et seq.*; and *Yeager v. Providence Health System Oregon*, 195 Or App 134 (2004).

65.

Defendant, through its agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating, and/or

retaliating against Plaintiff for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected leave. Defendants terminated Plaintiff's employment because she engaged in protected activity. Defendants' termination of Plaintiff's employment was unlawful and in violation of the public policy of the State of Oregon.

66.

Defendants' termination of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which are of important public interest.

67.

Plaintiff realleges her damages as stated in Paragraphs 24 through 28 above.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For permanent injunctive relief enjoining Defendants, its officers, employees and agents from engaging in any discrimination, retaliation, or harassment;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees; and

///

///

///

///

///

///

///

6. For such other and further relief as the Court may deem just and equitable.

DATED this 23rd day of November, 2022.

        BAKER LAW PC

        *s/ Serena L. Liss*
        Aaron W. Baker, OSB No. 922220
        Serena L. Liss, OSB No. 154799
        Attorneys for Plaintiff